*93 The opinion of the Court was drawn up by
Appleton, C. J.
By the statute of 1844, c. 117, it was enacted that " any married woman may become seized of any property, and in her own name, and as of her own property ; provided it shall be made to appear by such married woman, in any issue touching the validity of her title, that the same does not, in any way, come from her husband after coverture.” By this Act, it will be perceived, the burden was on the wife to prove that the estate in controversy did not come from the husband. She must make it so to appear. Eldridge v. Preble, 34 Maine, 148.
By the Act of 1847, c. 27, "any married woman maybe-come seized or possessed of any property, real or personal, by direct bequest, demise, gift, purchase or distribution, in her own name and as of her own property, exempt from the debts or contracts of her husband, provided that, " if it shall appear that the property so possessed, being purchased after marriage, was purchased with the moneys or other property of the husband, or, that the same being the property of the husband, was conveyed by him to the wife directly or indirectly, without adequate consideration, and so that the creditors of the husband might thereby be defrauded, the same shall be held for the payment of the prior contracted debts of the husband.” This statute requires that the proviso must appear — must he shown to be true— before it can have effect, and relieves the wife from the burden of proof resting upon her by the Act of 1844, c. 117, and imposes it upon the creditor who would impeach her title.
The proviso of the Act of 1847 is substantially adopted in R. S., 1857, c. 61, § 1, by which it was enacted that " when payment was made for property conveyed to her, (the wife,) from the property of her husband, or it was conveyed by him to her without a valuable consideration, it may be taken as the property of her husband to pay his debts, contracted before such purchase.” When a party alleges the existence of facts authorizing the seizure of property, the title to which is in the wife, wherewith to pay the *94 debts of the husband, he must establish their existence by proof. The burden is on him.
The bill of sale of the vessel to the wife, reciting payment therefor by her, makes out a prima facie case of title in her. The creditor who denies-its validity, must impeach it by proofs. The statute authorizes the wife to take a conveyance, and her rights, under'it, are entitled to the protection afforded other grantees.
The ruling at Nisi Prius was erroneous.

Exceptions sustained.

Cutting, Davis, Walton and Barrows, JJ., concurred.